FILED

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## UNITED STATES DISTRICT COURT
### for the

2021 FEB -1 PM 12: 26

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

)
)
Jeremy Kane Jones )
_____ )
Petitioner )
)
v. )   Case No. 5:21-CV-62-OC-38 —PRL
)   _____
)   (Supplied by Clerk of Court)
)
United States Penitentiary Coleman 2 )
_____ )
Respondent
(name of warden or authorized person having custody of petitioner)

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name: Jeremy Kane Jones
    (b) Other names you have used: _____
2.  Place of confinement:
    (a) Name of institution: United States Penitentiary Coleman 2
    (b) Address: P.O. Box 1034
                 Coleman, FL 33521
    (c) Your identification number: Fed Reg. No # 51545-074
3.  Are you currently being held on orders by:
    ☒ Federal authorities  ☐ State authorities  ☐ Other - explain:

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: U.S. District Court of East Tennessee, Greeneville
      (b) Docket number of criminal case: Dkt. No. 2:16-CR-00055-RLK-MC
      (c) Date of sentencing: July 25th, 2017
    ☐ Being held on an immigration charge
    ☐ Other (explain): _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☐ Pretrial detention
   ☐ Immigration detention
   ☐ Detainer
   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☒ Disciplinary proceedings
   ☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: _Disciplinary Hearing Officer at USP Coleman 2_
   (b) Docket number, case number, or opinion number: _Incident Report No. 3260271_
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): _Being found guilty of what was admittedly and evidently someone else's weapon (Code 104) and consequently losing 41 days of Good Conduct Time, 30 days DS, 120 days loss of Commissary and Phone Priveleges._
   (d) Date of the decision or action: _5-30-2019_

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes        ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: _Regional Office Administrative Remedy Appeal_
       (2) Date of filing: _8-21-19_
       (3) Docket number, case number, or opinion number: _98249-R2_
       (4) Result: _Denied_
       (5) Date of result: _1-14-20_
       (6) Issues raised: _The Weapon was found behind a security plate fastened by 4 Security Bolts inside the toilet where only officers and plumbers have access to, which made it impossible for me to Check the area for Contraband upon entering the Cell only a few days prior to the incident. My Cellie T. York had been in_

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

Cell for 6 months, he was the head plumber giving him access to this area and at our U.D.C. and D.H.O. hearings he took responsibility for his weapon, yet we were both still charged with his one weapon.

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes   ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: Central Office Administrative Remedy Appeal

   (2) Date of filing: March 3rd, 2020

   (3) Docket number, case number, or opinion number: 982949-A1

   (4) Result: Denied

   (5) Date of result: 6-24-20

   (6) Issues raised: I could not access this area that was fastened by 4 Security Bolts and had previously been welded shut, How can this be the "Common Area"? Two people are being charged with what is admittedly and evidently the wrongdoing of one man, There is no justice in two people being found guilty of possessing one weapon. He admitted his guilt to U.D.C. Counselor V. Taylor, D.H.O officer White and he wrote a letter admitting his guilt. D.H.O. Ms. White told me "Mr. York tried everything he could to take Responsibility"

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes   ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: _____

   (4) Result: _____

   (5) Date of result: _____

   (6) Issues raised: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal: _The 2241 is the next appeal in this process._

10. **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes   ☒ No

   If "Yes," answer the following:

   (a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ☐ Yes   ☐ No

   If "Yes," provide:
   (1) Name of court:
   (2) Case number:
   (3) Date of filing:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

   (b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

   ☐ Yes   ☒ No

   If "Yes," provide:
   (1) Name of court:
   (2) Case number:
   (3) Date of filing:
   (4) Result:
   (5) Date of result:
   (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: I am challenging a Disciplinary Proceeding and a 2241 is the correct avenue to take in doing that.

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes   ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes   ☐ No

If "Yes," provide:

(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes   ☒ No

If "Yes," provide:

(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____

Page 6 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes   ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Timothy York #15137-078 admitted that the weapon was his.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Mr. York wrote a letter admitting guilt, he admitted guilt at the U.D.C. Hearing, to Counselor V. Taylor, to Ms. White the D.H.O. Officer and admitted to me that he in fact did own a knife after the knife was found. Prior to that I had absolutely no knowledge of a weapon being in the cell.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes      ☐ No

**GROUND TWO:** Based on all evidence the Weapon was Mr. Yorks.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Mr. York was the head plumber at the time giving him access to this restricted area. He had been in the cell for over 6 months, I had only moved in a few days prior. Mr. York is well known to be involved in these type of activities. I have never been accused or involved in any type of behavior like this.

(b) Did you present Ground Two in all appeals that were available to you?
☒ Yes      ☐ No

**GROUND THREE:** The Weapon was found inside the toilet behind a security plate that was welded shut, fastened by 4 security bolts. How is that a "Common Area?"

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
There is no way I could have checked this area for contraband upon entering the cell only a few days prior to the incident. Is an area that has been welded shut and fastened by security bolts and a steel plate honestly considered a Common Area?

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes      ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Since being in prison I have obeyed every rule, worked hard to program and better myself and help others and have never caused any trouble. Now I must stay here 41 extra days for something I didn't do and that was evidently and admittedly someone else's wrongdoing.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: I have no history of incident reports other than this one. All of my phone calls, emails and letters are based and founded on living a better life with my family at home where I belong and to help others do the same. I am a Suicide Companion. I lead the Christian Services here at Coleman 2. I have been in the Challenge Program, I'm now in RDAP and have completed many other classes. I did not commit this act, one person is guilty not two!

(b) Did you present Ground Four in all appeals that were available to you?
☒ Yes    ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The incident report states that "You are Both responsible for the weapon." I just can't understand how 2 people can be found guilty for what was admittedly and evidently the property and possession of one person.

**Request for Relief**

15. State exactly what you want the court to do: Consider all facts and grounds. Remove this incident from my record and restore the 41 days of Good Conduct Time to my sentence.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
_____January 27TH, 2021_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1-27-21

                                        _____
                                        Signature of Petitioner

                                        _____
                                        Signature of Attorney or other authorized person, if any

Page 10 of 10

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

**U.S. DEPARTMENT OF JUSTICE**                             **FEDERAL BUREAU OF PRISONS**

| Institution: **FCC COLEMAN, USP 2** | Incident Report number: **3260271** | |
|---|---|---|
| NAME OF INMATE: **JONES, JEREMY** | REG. NO.: **51545-074** | UNIT: **I-1** |
| Date of Incident Report: **05-24-2019** | Offense Code: **104** | |
| Date of Incident: **05-24-2019** | | |

Summary of Charges:
**POSSESSION OF A WEAPON**

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **05-24-2019** at (time) **1511 HRS.** (by staff member) **LT. TABB**

B. The DHO Hearing was held on (date) **05-30-2019** at (time) **0955 HRS.**

C. The inmate was advised of the rights before the DHO by (staff member):
**V. TAYLOR, COUNSELOR** on (date) **05-28-2019** and copy of the advisement of rights form is attached.

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative. Yes **X**  No____

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative statement: **N/A**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **N/A** was selected.

E. Staff representative **N/A** was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ____(admits) **X**(denies) ____(neither) the charge(s).

B. Summary of inmate statement:

**INMATE JONES DENIED THE CHARGE BEFORE THE DHO AND STATED, "I LEAD THE CHURCH GROUP ON THE YARD. I DON'T GET IN TROUBLE. I DON'T DO DRUGS. I DON'T GET IN THAT CIRCLE."**

C. Witnesses:
1. Inmate waived right to witness. Yes **X** No____

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below).

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **PHOTOGRAPH OF THE WEAPON**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: _____

IV. FINDINGS OF THE DHO

**X** A. The act was committed as charged.

____ B. The following act was committed:
_____.

____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

1

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| Name of Inmate:<br>JONES, JEREMY | Reg. No.:<br>51545-074 | Hearing Date:<br>05-30-2019 |
|---|---|---|

YOUR DUE PROCESS RIGHTS WERE REVIEWED WITH YOU BY THE DHO AT THE TIME OF THE HEARING. YOU STATED YOU UNDERSTOOD YOUR RIGHTS AND HAD NO DOCUMENTARY EVIDENCE TO PRESENT. YOU DID NOT REQUEST ANY WITNESSES OR THE SERVICES OF A STAFF REPRESENTATIVE TO ASSIST YOU AT THE HEARING. YOU INDICATED TO THE DHO YOU WERE READY TO PROCEED WITH THE HEARING.

THE DHO FOUND YOU COMMITTED THE PROHIBITED ACT OF POSSESSION OF A WEAPON, CODE 104.

THE DHO BASES THIS DECISION ON THE FACTS PRESENTED IN THE BODY OF THE WRITTEN REPORT. ON MAY 24, 2019, AT APPROXIMATELY 1:47 P.M., OFFICER C. LESTER CONDUCTED A CELL SEARCH OF CELL 214 IN I-1 UNIT HOUSING INMATES YORK, TIMOTHY REG. NO. 15137-078 AND JONES, JEREMY REG. NO. 51545-074. THE OFFICER DISCOVERED A HOMEMADE WEAPON CONSTRUCTED OUT OF A SILVER METAL MATERIAL APPROXIMATELY 9 INCHES IN LENGTH AND SHARPENED TO A POINT ON ONE END. THE ITEM WAS DISCOVER BEHIND THE SECURITY PLATE LOCATED AT THE BOTTOM LEFT SIDE OF THE TOILET (AS A PERSON IS STANDING IN FRONT OF THE TOILET). OPERATIONS LIEUTENANT WAS NOTIFIED OF THE INCIDENT.

YOU DENIED THE CHARGE BEFORE THE DHO AND STATED, "I LEAD THE CHURCH GROUP ON THE YARD. I DON'T GET IN TROUBLE. I DON'T DO DRUGS. I DON'T GET IN THAT CIRCLE."

OFFICER C. LESTER WAS CLEAR IN THE BODY OF HIS WRITTEN STATEMENT THAT HE CONDUCTED A SEARCH OF YOUR CELL AND DISCOVERED A HOMEMADE WEAPON BEHIND THE SECURITY PLATE AT THE BOTTOM LEFT SIDE (WHILE FACING THE TOILET) OF THE TOILET. THE PHOTOGRAPH OF THE WEAPON CORRELATES WITH THE OFFICER'S DESCRIPTION AND DEPICTS AN APPROXIMATELY 9 INCH PIECE OF METAL, SHARPENED TO A POINT AT ONE END WITH A HANDLE/LANYARD ATTACHED TO THE OTHER END. YOU DENIED THE CHARGE AND STATED YOU DON'T GET INTO TROUBLE. DURING THE UDC, YOU STATED YOUR CELLMATE WAS "TAKING THE CHARGE." DUE TO THIS WEAPON BEING DISCOVERED IN THE COMMON AREA OF THE CELL AND BOTH YOU AND YOUR CELLMATE DENYING RESPONSIBILITY FOR THE WEAPON DURING THE INITIAL INVESTIGATION, THE DHO DETERMINED YOU WERE BOTH RESPONSIBLE FOR THE WEAPON AS IT IS THE RESPONSIBILITY OF BOTH INMATES OCCUPYING A CELL TO KEEP IT FREE OF CONTRABAND.

BASED UPON THE STAFF'S EYEWITNESS ACCOUNT OF THE INCIDENT, PHOTOGRAPH OF THE WEAPON AND THE WRITTEN REPORT, THE DHO FINDS THAT YOU COMMITTED THE PROHIBITED ACT OF POSSESSION OF A WEAPON, CODE 104, AND SANCTIONED YOU ACCORDINGLY.

VI.     SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

<u>104</u>
41 DAYS DISALLOWANCE OF GOOD CONDUCT TIME
30 DAYS DISCIPLINARY SEGREGATION
120 DAYS LOSS OF COMMISSARY PRIVILEGES        (RESTORE: 09-26-2019)
120 DAYS LOSS OF TELEPHONE PRIVILEGES         (RESTORE: 09-26-2019)
30 DAYS IMPOUND PERSONAL PROPERTY            (RESTORE: 06-28-2019)

VII.    REASON FOR EACH SANCTION OR ACTION TAKEN:

THE ACTION/BEHAVIOR OF AN INMATE TO POSSESS ANY TYPE OF WEAPON CAPABLE OF INFLICTING SERIOUS INJURY TO ANOTHER PERSON THREATENS THE HEALTH, SAFETY AND WELFARE OF NOT ONLY THE INMATE INVOLVED, BUT ALL OTHER INMATES AND STAFF ALIKE. IN THE PAST, THIS TYPE OF ACTION HAS BEEN SHOWN TO RESULT IN MORE SERIOUS INJURIES.

THE DHO DISALLOWED GOOD CONDUCT TIME IN ACCORDANCE WITH YOUR SENTENCING GUIDELINES (PLRA). THE DHO IMPOSED DISCIPLINARY SEGREGATION, THE LOSS OF COMMISSARY AND TELEPHONE PRIVILEGES AND IMPOUNDED YOUR PERSONAL PROPERTY, AS PUNISHMENT FOR COMMITTING THE PROHIBITED ACT AND TO MAKE YOU ACCOUNTABLE FOR YOUR ACTIONS.

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.     Discipline Hearing Officer

2

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Jones, Jeremy K            #51545-074   J-1   USP Coleman 2
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

On 5-24-19 both me and my Cellie Timothy York #15137-078 were both charged with possession of a weapon. The weapon was found behind the security plate fastened by 4 security bolts inside the toilet, where only officers and plumbers have access to. This would have made it impossible for me to check this area for contraband upon entering the cell only a few days prior to the incident. My Cellie T. York had been in the cell for 6 months, he was the head plumber, giving him access to this area and at our U.D.C. and D.H.O. hearings he took responsibility for his weapon. Counselor V. Taylor informed me → See Attachment

8-21-19
DATE                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE            CASE NUMBER: 982949-R2

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                        BP-230(13)
                                                               JUNE 2002

\* continuation of BP-10 D.H.O. Appeal

...at our U.D.C. hearing to not worry about it because T. York #15137-078 had taken responsibility. At the D.H.O. hearing Mrs. White then tells me that we will both be charged because it was our responsibility to keep the cell free of contraband. Locked behind a security plate fastened by 4 security bolts can not be considered the "Common Area". T. York had been in this cell for 6 month's, I had just moved in a few day's prior. He was the main plumber on the compound, giving him access to this area. He took responsibility for his weapon at U.D.C. and D.H.O. hearings. I have never been in any trouble here, I strive to do everything I can in order to go home to my family as soon as possible, please check my records, Emails, Phone Calls and you will see what type of person I really am. Mr. York on the other hand is well known for activities like this, he has been charged for things like this multiple times and he is still to this day involved in these types of criminal activities. He took responsibility for his weapon, yet two people are still being charged with one weapon There is no justice in two people being charged for what was admittedly and evidently the wrongdoing of one man. By the facts stated here, it is clear to see that i am not guilty of this charge. Please look into this matter and you will see that what I'm telling you is the complete truth. Please talk with Counselor V. Taylor, Counselor T. Anthony, Dr. Dinis Psychology, Officer DeJesus, Officer Champion and the S.I.S. Department here at Coleman 2 to confirm the things I've written here. Thank you for your time.

                                              Jeremy Jones #51545-074
                                              U.S.P. Coleman 2   J-1/227

Regional Administrative Remedy Appeal No. 982949-R2
PART B - RESPONSE

This is in response to your Regional Administrative Remedy Appeal receipted September 05, 2019. You appeal the actions of the Discipline Hearing Officer (DHO) on May 30, 2019, finding you committed the prohibited act of Possession of a Weapon, Code 104. As relief, you request the incident report be expunged.

Program Statement 5270.09, Inmate Discipline Program, provides the DHO shall consider all evidence presented during the hearing. The DHO's decision will be based on at least some facts and if there is conflicting evidence, on the greater weight of the evidence. The DHO considered your statement provided during the DHO proceedings. The DHO found you committed the prohibited act based on the greater weight of the evidence as written in the report and documentation.

You allege you did not commit the prohibited act. Specifically your cellmate was going to take responsibility for the contraband. After a review of the paperwork there is no evidence that another inmate took responsibility for the contraband. The DHO adequately explained to you the specific evidence relied on to find you committed the prohibited act.

The required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

1/14/2020
Date

Regional Director, SERO

Delivered to the Inmate on 02/06/2020.

**U.S. Department of Justice**
**Federal Bureau of Prisons**

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Jones, Jeremy K.    51545-074    J-1 Challenge   CLP
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

On 5-24-19 both me and my Cellie T. York #15137-078 were Charged with possession of a weapon. The Weapon was found behind the Security plate fastened by 4 security bolts inside the toilet. Where only officers and plumbers have access to. This would have made it impossible for me to check this area for contraband upon entering the Cell only a few days prior to the incident. My Cellie T. York had been in the Cell for 6 months, he was the head plumber, giving him access to this area, and at our U.D.C. + D.H.O. Hearings he took responsibility for his weapon. Counselor V. Taylor informed me →
See Continuation →

March 3, 2020
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

5-30-19
104

RECEIVED
MAR 16 2020
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE
ORIGINAL: RETURN TO INMATE    GENERAL COUNSEL    CASE NUMBER: 982949-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN    BP-231(13)
JUNE 2002

\* continuation of BP-10 D.H.O. Appeal

...at our U.D.C. hearing to not worry about it because T. York #15137-078 had taken responsibility. At the D.H.O. hearing Mrs. White then tells me that we will both be charged because it was our responsibility to keep the cell free of contraband. Locked behind a security plate fastenedby 4 security bolts can not be considered the "Common Area". T. York had been in this cell for 6 month's, I had just moved in a few day's prior. He was the main plumber on the compound, giving him access to this area. He took responsibility for his weapon at U.D.C. and D.H.O. hearings. I have never been in any trouble here, I strive to do everythingI can in order to go home to my family as soon as possible, please check my records, Emails, Phone Calls and you will see what type of person I really am. Mr. York on the other hand is well known for activities like this, he has been charged for things like this multiple times and he is still to this dayinvolved in these types of criminal activities. He took responsibilityfor his weapon, yet two people are still being charged with one weaponThere is no justice in two people being charged for what was admittedly and evidently the wrongdoing of one man. By the facts stated here, it is clear to see that i am not guilty of this charge. Please look into this matter and you will see that what I'm telling you is the complete truth. Please talk with Counselor V. Taylor, Counselor T. Anthony, Dr. Dinis Psychology, Officer DeJesus, Officer Champion and the S.I.S. Department here at Coleman 2 to confirm the things I've written here. Thank you for your time.

                                        Jeremy Jones #51545-074
                                        U.S.P. Coleman 2   J-1/227

Administrative Remedy No. 982949-A1
Part B - Response

You appeal the May 30, 2019, decision of the Discipline Hearing Officer (DHO) regarding incident report #3260271, in which you were found to have committed the prohibited act of Code 104, Possession of a Weapon. You contend your cellmate claimed ownership of the weapon and the weapon was found in an area of the cell you did not have access to. For relief, you request the incident report be expunged.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, <u>Inmate Discipline Program</u>, and we concur with the response provided by the Regional Director. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. In addition to the Admission and Orientation Handbook, Program Statement 5270.09, provides that inmates are responsible to keep their area free of contraband. The cell phone was located in an area to which you were assigned and to which you had access to. Accordingly, it is appropriate to support the charge as stated. The sanctions imposed in this disciplinary proceeding were commensurate to the severity level of the offense committed and in compliance with policy.

Considering the foregoing, your appeal is denied.

6/24/20
Date

Ian Connors, Administrator
National Inmate Appeals

*Delivered to the inmate on 07/22/2020*



Jeremy. K. Jones # 51545-074
United States Penitentiary Coleman 2
P.O. Box 1034
Coleman, FL 33521

U.S. District Court
Office of the Clerk
Golden-Collum Memorial Federal Building & U.S. Courthouse
207 NW Second Street, Room 337
Ocala, Florida 34475-6666

SCREENED BY USMS