UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEREMY KANE JONES,

    Petitioner,

v.     Case No:    5:21-cv-62-Oc-SPC-PRL

WARDEN, FCC COLEMAN-USP II,

    Respondent.
_____/

**OPINION AND ORDER**[1]

    Petitioner Jeremy Kane Jones initiated this action *pro se* by filing a petition pursuant to 28 U.S.C. § 2241. (Doc. 1). Jones is a United States Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Complex in Coleman, Florida. Jones claims his substantive due process rights were violated during disciplinary proceedings that resulted in losing good time credits. Specifically, he argues that the disciplinary conviction was not supported by evidence.

    After reviewing the pleadings, including all documents related to Jones' disciplinary hearing, the Court finds he is not entitled to habeas relief.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

On May 24, 2019, a correctional officer searched Jones' cell, which he shares with another prisoner. (Doc. 4-1 at Ex. 2 § 11). The officer found a sharpened nine-inch metal weapon behind a security plate attached to the bottom left side of the cell's toilet. *Id.* Jones was issued an incident report for violating BOP Code 104 for possession of a weapon. *Id.* at § 10. Jones received a copy of the report the same day it was issued. *Id.* at § 14. The lieutenant assigned to investigate the charge interviewed Jones and advised him of his rights. *Id.* at § 23. When Jones was given the chance to make an initial statement, he simply denied ownership. *Id.* at § 24. The matter was sent to the Unit Discipline Committee ("UDC"), and a hearing was held. *Id.* at §§ 17–21. Jones' only statement at the hearing was "I don't know anything about it. My celly said that he was taking the charge." The UDC then sent the matter up to the Discipline Hearing Officer ("DHO") for a hearing and a decision. After receiving notice, Jones was advised of his disciplinary process rights, and he declined to have a staff representative or call witnesses. (Doc. 4-1 at Exs. 3, 4).

At the DHO hearing, Jones stated, "I lead the church group on the yard. I don't get in trouble. I don't do drugs. I don't get in that circle." (Doc. 4-1 at Ex. 5). Jones made no other showing at the hearing. The documentary evidence before the DHO was Jones' statements, the incident report, and a picture of the weapon. *Id.* at § III(D). The DHO held that Jones violated the

2

code by possessing a weapon and sanctioned Jones with a 41-day reduction of good conduct time:

> Due to this weapon being discovered in the common area of the cell and both you and your cellmate denying responsibility for the weapon during the initial investigation, the DHO determined you were both responsible for the weapon as it is the responsibility of both inmates occupying a cell to keep it free of contraband.

*Id.* at § V. Jones now petitions for a writ of habeas corpus under 28 U.S.C.§ 2241. Respondent Warden opposes the petition because Jones received all the required due process throughout his proceedings. Jones filed a reply and submitted a signed statement from his cellmate who claims the weapon was his.

## STANDARD OF REVIEW

"The federal courts cannot assume the task of retrying all prison disciplinary disputes." *Young v. Jones,* 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981)). Instead, when reviewing claims involving prison disciplinary proceedings, a federal court is limited "to determin[ing] whether an inmate receive[d] the procedural protections provided by *Wolff* and whether 'some evidence' exists which supports the hearing officer's determination." *Young,* 37 F.3d at 1460; *see also Superintendent v. Hill,* 472 U.S. 445, 454 (1984) ("We now hold that revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." (cleaned up)). Specifically:

3

> This ["some evidence"] standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ." Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. . . . Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 455-46 (citations omitted).

In *Wolff v. McDonnell*, the Supreme Court set forth the minimum due process requirements to be accorded prisoners facing disciplinary proceedings that could cause the loss of a protected liberty interest: (1) the inmate must receive written notice of the charges at least 24 hours before the proceeding; (2) the inmate "should be allowed to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) the inmate must be given "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." 418 U.S. at 564-66 (internal quotations omitted).

The Court now reviews Jones' disciplinary proceedings for the *Wolff* requirements and for "some evidence" supporting the DHO's determination.

4

New evidence and statements submitted to the Court after Jones' disciplinary proceedings are inappropriate for our review of those proceedings. It is not the Court's role to make new credibility decisions and reweigh evidence in this context–Jones does not get a retrial.

## DISCUSSION

Jones challenges his disciplinary proceedings because he was allegedly "found guilty of what was admittedly and evidently someone else's weapon[.]" (Doc. 1). He supports his claim with new arguments about access to the area the weapon was found and assurances he received from officers about his cellmate taking full responsibility for the weapon. Respondent asserts Jones' due process rights were not violated under *Wolff* and the DHO's decision meets the "some evidence" standard. Again, Jones does not receive a fresh look at his case from the Court. If his due process rights were met, the DHO's decision should be upheld.

First, the *Wolff* requirements. Jones was provided written notice of the charge against him the same day the incident report was written. (Doc. 4-1 at Ex. 2 §§ 14–16). He was notified of the hearing two days in advance. *Id.* at Exs. 3, 4. He was advised of his rights, and he declined the option to request a staff representative or call witnesses to testify on his behalf. *Id.* Finally, he was given a written form explaining the basis for the DHO's decision. *Id.* at Ex. 5.

5

The *Wolff* requirements were satisfied, and Jones does not dispute this in his reply.

Jones primarily argues that the DHO decision was not supported by any evidence because his cellmate took responsibility for the weapon. Jones argues that "there is no justice in two people being found guilty of possessing one weapon." (Doc. 1). Jones relied on an assumption that his cellmate's confession is conclusive evidence of his own innocence. The DHO did not see it that way.

The DHO's conclusion was based on the incident report, both inmates' initial denials of ownership,[2] and the fact that the weapon was found hidden in the common area of the cell. At his hearing, Jones presented a single statement: "I lead the church group on the yard. I don't get in trouble. I don't do drugs. I don't get in that circle."[3] (Doc. 4-1 at Ex. 5). Even if one disagrees with the DHO's decision, it cannot be said that the DHO had no evidence to support its conclusion. The standard is a low bar. An illegal weapon in Jones' cell is at least "some evidence" that he had it.

---

[2] Jones' cellmate denied ownership of the weapon during the initial investigation but took responsibility later. (Doc. 5).

[3] The Court notes that Jones' papers make claims that he did not make in his disciplinary proceedings. For instance, he claims the knife was not found in a common area because he did not have access to the part of the toilet where the weapon was found. He says he had moved into the cell only "a few days prior" and that "[t]here is no way I could have checked this area for contraband only a few days prior to the incident." (Doc. 1). He claims his cellmate, the "head plumber," had been living there for six months. *Id.* He also says a DHO officer told him his cellmate "tried everything he could to take responsibility." *Id.* These claims could (and should) have been made at Jones' DHO hearing. But even if this evidence had been presented to the DHO, the Court only reviews the DHO's decision for the due process requirements, not merit.

Because the *Wolff* requirements were met and the evidence meet the "some evidence" standard, Jones' petition fails to state a due process claim.

Accordingly, it is now

**ORDERED:**

1. Petitioner Jeremy Kane Jones' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

2. The **Clerk** is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate the deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 11, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record